■ HENRY M. GRIDLEY, Respondent, v LEVER BROTHERS COMPANY, Appellant.—Order, Supreme Court, New York County, entered June 6, 1978, denying defendant's motion for summary judgment, unanimously reversed, on the law, without costs and disbursements, and the motion granted. Contract rights are limited by the provisions of the contract (Gitelson v Du Pont, 17 NY2d 46, 48). The disability contract entered into between the parties on July 15, 1965 defines disability as an injury or illness which renders an executive "incapable of satisfactorily performing the duties of his position." Paragraph Fifth of the contract provides that such disability is to be determined by "the Medical Director of [defendant], or of such other medical doctor as shall be selected by the Compensation Committee of [defendant]." Accordingly, the opinion of the medical director was a condition precedent of defendant's obligation to pay disability benefits. There is no showing that plaintiff was prevented from presenting a claim of disability to the medical director or that he conveyed to defendant that he was disabled by reason of alcoholism. Indeed, some three months prior to termination of his employment by defendant, plaintiff underwent an annual checkup by the medical director and was found to be in excellent health, except for his cholesterol level. There was no finding that plaintiff was

incapable of satisfactorily performing his duties. The critical issue is not whether alcoholism is a disease, but whether plaintiff was disabled by that disease. The failure to claim disability and the fact that plaintiff continued to perform his functions until discharge are important factors. Proof that plaintiff was disabled within the meaning of the disability contract is not supplied by the mere fact that plaintiff's performance was unsatisfactory to defendant. "The opponent of a properly made summary judgment motion must present evidentiary facts sufficient to raise a triable issue of fact (e.g., *Shaw v Time-Life Records,* 38 NY2d 201, 207; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.12, p 32-173)" *(Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 264). This, plaintiff has failed to do. Concur—Lupiano, J. P., Silverman, Evans, Lynch and Sullivan, JJ.